UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy Hudson, #269681, | ) C/A No. 3:06-2115-GRA-JRM |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Brett Sims, | ) |
| Defendants. | ) |

Plaintiff is incarcerated at Lieber Correctional Institution serving a seventeen year sentence for kidnapping. He has filed this matter *pro se* pursuant to 42 U.S.C. § 1983 against a Lexington County Sheriff's Department officer regarding an arrest that is not related to the conviction for which he is currently incarcerated.

Plaintiff claims in this Section 1983 action that he was falsely arrested and held by the defendant for a drug charge that was *nolle prosequi* (nol pros). He claims that the officer took $526.00 in cash from him. Plaintiff alleges he has requested the return of the money but has not received a response to his letters. He seeks the return of his money, and damages for false imprisonment, loss of his job, and "embarrassment", plus costs and fees.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340, 60 U.S.L.W. 4346 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, (4th Cir. 1995)(*en banc*), *cert. denied*, Nasim v. Warden, Maryland House of Correction, 516 U.S. 1177 (1996); Todd

v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); and Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true.  Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975).  However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).

Insofar as the plaintiff's subsequent conviction, related state court proceedings, and arrest are concerned, however, the § 1983 complaint is subject to summary dismissal because a right of action has not yet accrued.  *See* Heck v. Humphrey, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, *supra*.  *See also* Schafer v. Moore, 46 F.3d 43 ( 8th Cir. 1995)("Therefore, in

light of *Heck*, the complaint was properly dismissed for failure to state a claim."); and Woods v. Candela, 47 F.3d 545 (2nd Cir. 1995)(*per curium*)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed), *cert. denied*, Candela v. Woods, 516 U.S. 808 (1995). *See also* Brooks v. City of Winston-Salem, N.C., 85 F.3d 178 (4th Cir. 1996). *Accord* Smith v. Holtz, 879 F. Supp. 435 (M.D.Pa., March 24, 1995); Burnside v. Mathis, 2004 WL 2944092 (D.S.C. 2004).

Although plaintiff states that the Lexington County drug charge was *nolle prosequi* in 2005, a charge that is disposed of in this manner does not necessarily constitute a favorable termination as contemplated by Heck, *supra*. *See* Greenberg v. Wolfberg, 890 P.2d 895, 904 n. 40, 1994 Okla. LEXIS® 167 (1994)(applying Heck v. Humphrey and Oklahoma case law: "An action dismissed without prejudice may not serve as a componental predicate for a malicious-prosecution action[;] [m]alicious prosecution requires that the predicate action be terminated in the malicious prosecution plaintiff's favor.").

Since the plaintiff has failed to establish that his conviction has been reversed, expunged, or declared invalid by a state court, and no federal writ of habeas corpus has been issued, this action must be dismissed for failure to state a claim.

As for plaintiff's claim seeking the return of his cash, the laws of the State of South Carolina authorize the seizure and forfeiture of monies or property used in or derived from drug-related transactions. Such seizures may be made at the time of arrest or detention. *See* S.C. Code Ann. § 44-53-520(a)(8), (b)(1). South Carolina law allows a person to challenge the seizure of property or money. *See* S.C. Code Ann. § 44-53-530 (setting forth requirements in judicial proceedings); *see also* S.C. Code Ann. § 44-53-586 (innocent owner provision). In such proceedings, which take place in a Court of Common Pleas, the burden of proof is on the person seeking to have the property

3

or money returned. *See* S.C. Code Ann. § 44-53-540.

Deprivations of personal property by states do not support actions for civil rights violations under 42 U.S.C. § 1983. *See* Daniels v. Williams, 474 U.S. 327, 328-336 & n. 3 (1986). In Daniels, the Supreme Court overruled its earlier holding in Parratt v. Taylor, 451 U.S. 527 (1981), that negligent deprivations of property implicate due process interests. The United States Court of Appeals for the Fourth Circuit has held that a federal district court should deny section 1983 relief if state law provides the plaintiff with a viable remedy for the loss of personal property – even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of a state. *See* Yates v. Jamison, 782 F.2d 1182, 1183-1184 (4th Cir. 1986). Yates has been partially superannuated for cases where plaintiffs allege deprivations of intangible interests, such as a driver's license or "liberty[.]" *See* Plumer v. Maryland, 915 F.2d 927, 929-932 & nn. 2-5 (4th Cir. 1990); *see also* Zinermon v. Burch, 494 U.S. 113 (1990). Nevertheless, the holding in Yates is still binding on lower federal courts in the Fourth Judicial Circuit in cases involving deprivations of personal property.

Cases from outside this circuit also point out that the availability of a state cause of action for the alleged loss of property provides adequate procedural due process. In other words, where state law provides such a remedy, no federally guaranteed constitutional right is implicated even when there is a negligent deprivation of property. *See* King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986); and Slaughter v. Anderson, 673 F. Supp. 929, 930 (N.D. Ill. 1987).

In the present case, *if* the personal property of which Plaintiff claims to have been deprived was forfeited to the State of South Carolina in connection with criminal drug charges under S.C. Code Ann.§ 44-53-586 *et seq.*, Plaintiff may seek relief in the courts of the State of South Carolina as provided by S.C. Code Ann. §§ 44-53-530, -540. Alternatively, if the personal property was not

formally forfeited to the State, but, rather, if Plaintiff has been deprived of his property through the negligence of Lexington County officers/employees, he may seek to recover the property or value thereof in state court pursuant to sections 15-78-10 *et seq* of the South Carolina Code, also called the South Carolina Torts Claim Act (SCTCA).[1]  *See* Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975)(*en banc*), *cert. denied*, 424 U.S. 946 (1976).  In Bonner v. Circuit Court of St. Louis, a civil rights case, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."  Bonner, 526 F.2d at 1336; *see also* Lucas v. South Carolina Coastal Council,

     Plaintiff is cautioned that under the SCTA, a claimant is required to file an administrative claim with the agency, political subdivision, or the State Budget and Control Board before seeking judicial relief in state court.  *See* § 15-78-80, South Carolina Code of Laws.  Also, there are different limitations periods for "verified" claims and non-verified claims under the SCTA.  Case law indicates that claimants under the SCTA must strictly comply with its requirements and must timely pursue their claims before the applicable limitations period expires. *See*, *e.g.*, Murphy v. Richland Memorial Hospital, 317 S.C. 560, 455 S.E.2d 688 (1995); Vines v. Self Memorial Hospital, 314 S.C. 305, 443 S.E.2d 909 (1994); Pollard v. County of Florence, 314 S.C. 397, 444 S.E.2d 534 (S.C. Ct.App. 1994).

---

[1] Section 15-78-30 and its subparts encompass a "loss" of property from an occurrence of negligence proximately caused by a person employed by the State of South Carolina, a state agency, or political subdivision while acting within the scope of his or her employment.

Furthermore, even if they plaintiff had a cause of action in this court for the return of his money, his action would be time barred under the statute of limitations. *See* § 15-3-530, South Carolina Code of Laws:

> [For causes of action arising or accruing on or after April 5, 1988, the following provisions will apply:]
>
> Within three years:
>
>> (1) an action upon a contract, obligation, or liability, express or implied, excepting those provided for in Section 15-3-520;
>>
>> (2) an action upon a liability created by statute other than a penalty or forfeiture;
>>
>> (3) an action for trespass upon or damage to real property;
>>
>> (4) an action for taking, detaining, or injuring any goods or chattels including an action for the specific recovery of personal property;
>>
>> (5) an action for any injury to the person or rights of another, not arising on contract and not enumerated by law, and those provided for in Section 15-3-545;
>>
>> (6) an action under Sections 15-51-10 to 15-51-60 for death by wrongful act, the period to begin to run upon the death of the person on account of whose death the action is brought;
>>
>> (7) any action for relief on the ground of fraud in cases which prior to the adoption of the Code of Civil Procedure in 1870 were solely cognizable by the court of chancery, the cause of action in the case not considered to have accrued until the discovery by the aggrieved party of the facts constituting the fraud;
>>
>> (8) an action on any policy of insurance, either fire or life, whereby any person or property, resident or situate in this State, may be or may have been insured, or for or on account of any loss arising under the policy, any clause, condition, or limitation contained in the policy to the contrary notwithstanding; and
>>
>> (9) an action against directors or stockholders of a monied corporation or a banking association to recover a penalty or forfeiture imposed or to enforce a liability created by law, the cause of action

> in the case not considered to have accrued until the discovery by the aggrieved party of the facts upon which the penalty or forfeiture attached or the liability was created, unless otherwise provided in the law under which the corporation is organized.

In civil rights cases filed in the District of South Carolina, this court must apply South Carolina's general personal injury statute of limitations. *See* Wilson v. Garcia, 471 U.S. 261, 265-280 (1985)(in § 1983 actions, federal courts should apply a state's general statute of limitations for personal injuries). South Carolina's applicable personal injury statute of limitations is codified at § 15-3-530, South Carolina Code of Laws (quoted above), which establishes a three-year limitations period for causes of action arising on or after April 5, 1988.

### **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal]. ***The plaintiff's attention is directed to the important notice on the next page.***

Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina
August 8, 2006

# Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
# &
# The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina  29201
