UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Timothy Hudson, #269681, | |
| Plaintiff, | C/A No. 3:06-2115-GRA-JRM |
| v. | |
| Brett Sims, | ORDER |
| Defendant. | |

This matter is before the Court for a review of the magistrate's Report and Recommendation filed on August 8, 2006, and made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C. Plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983.

Liberally construed, plaintiff alleges that he was falsely arrested and $526.00 in cash was taken from him by defendant. The magistrate recommended that the complaint be dismissed without prejudice and without issuance and service of process. The magistrate concluded that the cause of action for false arrest failed because the plaintiff must show that the prosecution terminated in his favor, and that a *nolle prosequi* "does not necessarily constitute a favorable termination." The magistrate further recommended that the cause of action for conversion of $526.00 failed because a § 1983 claim does not lie for deprivation of personal property by a state if state law provides the plaintiff with a viable remedy for its loss.

Plaintiff brings this action *pro se*. This Court is required to construe *pro se*

1

pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions."  *Id*.  In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  Plaintiff filed objections to the Report and Recommendation on August 25, 2006.

Plaintiff does not make specific objection to any of the facts or law presented in the magistrate's  recommendation. Instead, plaintiff merely recites more facts that in no way call into question the findings of the magistrate.

A §1983 plaintiff alleging malicious prosecution must show that the underlying

2

proceeding terminated in his favor. If the underlying proceeding is disposed of by entry of a *nolle prosequi*, the plaintiff bears the burden of showing that the *nolle prosequi* was entered under circumstances which imply or are consistent with innocence of the accused. *Nicholas v. Wal-Mart Stores*, 33 Fed. Appx. 61 (2002). In this case, the plaintiff has produced no evidence that the *nolle prosequi* was entered under circumstances indicative of his innocence. The magistrate's recommendation that the suit be dismissed without prejudice will allow the plaintiff to re-file his complaint if and when he is able to present such evidence. Often the entry of *nolle prosequi* itself will state the reason(s) for its entry.

After a review of the magistrate's Report and Recommendation and the objections thereto, this Court finds the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS HEREBY ORDERED that plaintiff's Complaint be DISMISSED without prejudice and without issuance and service of process.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
September 25, 2006.

3

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date the judgment of this Order is entered, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.